UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-CV-81021-CIV-HURLEY

WILLIAM BROWNSBERGER and
ANDREW SMILLIE, individually and on
behalf of others similarly situated,
    plaintiffs,
vs.

GEXA ENERGY, LP,
GEXA ENERGY, GP, LLC,
GEXA ENERGY HOLDINGS, LLC
(n/k/a NextEra Energy Services Holdings LLC),
NEXTERA ENERGY, INC.
NEXTERA ENERGY RESOURCES LLC,
    defendants.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DEFENDANT GEXA ENERGY LP FOR LACK OF PERSONAL JURISDICTION, DISMISSING CLAIMS AGAINST REMAINING DEFENDANTS FOR IMPROPER VENUE, AND CLOSING FILE**

    Plaintiffs William Brownsberger and Andrew Smillie, both residents of Texas, bring this putative class action against defendants Gexa Energy, LP ("Gexa Texas"), Gexa Energy, GP, LLC ("Gexa GP"), Gexa Energy Holdings, LLC,  n/k/a NextEra Energy Services Holdings LLC ("Gexa Holdings"), NextEra Energy, Inc. ("NextEra"), and NextEra Energy Resources, LLC  ("NextEra LLC") alleging breach of contract and violation of the Texas Debt Collection Practices Act.  Subject matter jurisdiction is asserted under the Class Action Fairness Act, 28 U.S.C. §1332(d).   The proposed class consists of individuals who contracted with Gexa Texas for variable rate electricity service in Texas.

    The case is before the court on the defendants' motion to dismiss the complaint against

defendant Gexa Texas for lack of personal jurisdiction, motion to dismiss the complaint against all defendants for improper venue, motion to dismiss the complaint against the three NextEra defendants for failure to state a claim based on alter ego liability, and motion to dismiss the complaint as to all defendants on ground that the Texas Public Utility Commission has primary jurisdiction over the plaintiffs' claims. Alternatively, in the event the court grants only a partial dismissal, the defendants move to transfer venue of the remaining claims to the United States District Court for the Northern District of Texas.

For the following reasons, defendant Gexa Texas is dismissed from the action, and the complaint against the remaining defendants is dismissed without prejudice for improper venue.

## I. Background[1]

The named plaintiffs are Texas residents who contracted to obtain electricity service from Gexa Texas. Gexa Texas is a Texas limited partnership with a principal place of business in Texas, operating as a fully functioning Texas retail electric provider licensed by the Texas Public Utility Commission. The Gexa Texas partnership consists of two partners: Gexa GP (the sole general partner), a Delaware limited liability company with a registered agent in Dallas, and Gexa Holdings (the sole limited partner), a Delaware limited liability company with a principal place of business in Juno Beach, Florida.

Gexa Texas delivers electricity to the named plaintiffs at their Texas residences. According to the complaint, Gexa Texas breached its contract with the plaintiffs by misrepresenting,

---

[1]The recited facts are drawn from the allegations of the plaintiff's complaint which the court accepts as true and construes in the light most favorable to the plaintiff for purposes of the instant motion to dismiss. *Harris v United Auto Ins. Group, Inc.,* 579 F.3d 1127, 1230 (11th Cir. 2009); *Wilson v Strong*, 156 F.3d 1131, 1133 (11th Cir. 1998).

manipulating and improperly applying a variable rate feature incorporated in the service contract between the parties.

Nextera is a Florida corporation with a principal place of business in Juno Beach, Florida. In 2005, it acquired 100% of Gexa Texas. Plaintiffs do not contend that Gexa Texas conducts any business in the State of Florida, but rather assert that it is subject to the jurisdiction of Florida courts because it is a wholly owned and "substantially if not totally" controlled subsidiary of NextEra, with "integrated systems" and shared corporate officers.

Plaintiffs further allege that NextEra, Nextera LLC and Gexa Holdings (n/k/a NextEra Energy Services Holdings LLC) cumulatively referred to as the three "Nextera defendants," are liable for Gexa Texas' alleged breach of contract and violation of the Texas Debt Collection Practices Act because they operate as the the "alter ego" of Gexa Texas, a wholly owned subsidiary of NextEra. In support of this theory, plaintiffs allege that NextEra acquired 100% of Gexa Texas in 2005; that Gexa Texas is a limited partnership with no shareholder structure, with all voting rights controlled by NextEra; that Gexa Texas is "substantially if not totally" reliant on NextEra's systems, employees and other assets; that Gexa Texas' corporate officers are compensated by NextEra; that a majority of Gexa Texas corporate officers work out of NextEra's headquarters in Juno Beach Florida; that the general partner of Gexa Texas (Gexa GP) also houses its officers in NextEra's Juno Beach headquarters; that Gexa Texas' in-house counsel worked out of the NextEra Juno Beach headquarters from 2006 to 2009; and that Gexa Texas fully integrated its systems with those of its Florida parent, NextEra, after becoming its indirect, wholly owned subsidiary in 2005.

Plaintiffs also allege that NextEra signed a corporate guaranty agreement agreeing to insure Gexa Texas' compliance with minimum financial requirements promulgated by the Texas Public

Utility Commission. There is no allegation, however, that the corporate guaranty included any specific indemnification requirements or assumption of contractual liabilities of any kind.

## II. Discussion

### A. Personal Jurisdiction over Defendant Gexa Texas

The analysis of personal jurisdiction involves a two step inquiry: First, the court must determine whether exercise of personal jurisdiction over the defendant is appropriate under the forum state's long arm statute. If so, the court next determines whether the exercise of personal jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment of the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *Mutual Service Insurance Co. v Frit Industries, Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).

There are two types of personal jurisdiction over non-residents under Florida's long-arm statute: specific personal jurisdiction and general personal jurisdiction. "Specific jurisdiction" arises out of a party's activities in the forum that are related to cause of action alleged in the complaint and is governed by § 48.193(1), Fla. Stat., which provides in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself .. to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;
>
> (b) committing a tortious act within this state;
>
> ....

>(g) breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

§ 48.193(1), Fla. Stat. (2009). [2]

In this case, plaintiffs allege that Gexa Texas is a Texas limited liability partnership having a principal place of business in Houston, Texas. Plaintiffs do not allege that Gexa Texas maintains a Florida office, is licensed to conduct business in Florida or in fact conducts any business in Florida. Plaintiffs do not allege that Gexa Texas breached a contract in this state, or caused injury to persons or property within this state. Acknowledging this lack of contact between Gexa Texas and Florida, plaintiffs seek to assert jurisdiction over Gexa Texas based on the presence of its parent corporation, NextEra, and the parent's alleged control and domination over Gexa Texas, its wholly owned subsidiary.

As a general proposition, so long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other for purposes of exercising personal jurisdiction. *Consolidated Development Corp. v Sherritt, Inc*., 216 F.3d 1286 (11th Cir. 2000), *cert. den*., 534 U.S. 827 (2001); *Freudensprung v Offshore Technical Services, Inc.,* 379 F.3d 327 (5th Cir. 2004); *Carcamo v Norgas Carriers AS*, 2010 WL 2926035 (S.D. Fla. 2010). Thus, ownership of a resident subsidiary corporation by an out-of-state parent corporation, without

---

[2] General personal jurisdiction, in contrast, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. General jurisdiction is governed by § 48.193(2), Florida Statutes, which permits exercise of jurisdiction over any defendant "who is engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity," and requires "continuous and systematic" contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v Hall,* 466 U.S. 408, 415-416, 104 S. Ct. 1868 (1984).

Plaintiffs here do not allege "substantial" activity within the State of Florida on the part of Gexa Texas and do not otherwise invoke the general personal jurisdictional prong of the Florida long-arm statute. The court therefore does not examine this alternative avenue of personal jurisdiction here.

more, will not sustain the assertion of personal jurisdiction over the foreign parent. *See e.g Resource Healthcare of America, Inc. v McKinney,* 940 So.2d 1139 (Fla. 2nd DCA 2006), and cases cited *infra*. Based on this precedent, the court rejects plaintiffs' argument that the assertion of jurisdiction over Gexa Texas is proper in light of its relationship with its Florida-based parent corporation.

Generally, proof of control by the parent over the internal business operations and affairs of the subsidiary is required in order to fuse the two for jurisdictional purposes, and the degree of control exercised by the parent must be greater than that normally associated with common ownership and directorship. *See Dickson Marine Inc. v Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999); *Hargrave v Fibreboard Corp*, 710 F.2d 1154 (5th Tex. 1983). *See also Meier ex rel. Meier v Sun International Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002)(personal jurisdiction may be established under an agency theory if plaintiff establishes the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction). Thus, a parent's ownership of all of its subsidiary's stock is an insufficient reason, standing alone, to disregard distinct corporate entities: Actual domination, rather the opportunity to exercise control, must be shown, *De Jesus v Sears, Roebuck & Co, Inc.*, 87 F.3d 65 (2nd Cir. 1996), citing *Volkswagenwerk Aktiengesellschaft v Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984), with the day-to-day control of the subsidiary by the parent so complete as to render the subsidiary, in fact, an "agent" or " mere department" of the parent for jurisdictional purposes. *Kramer Motors, Inc. v British Leyland, Ltd,* 628 F.2d 1175, 1177-78 (9th Cir. 1980); *Howse v Zimmer Mfg Co.,. Inc.*, 757 F.2d 448 (1st Cir. 1985) .

In this case, plaintiffs allege that Gexa Texas has fully "integrated its systems" with those of its parent, NextEra; that Gexa GP, the general partner of Gexa Texas, has officers "located" in North Palm Beach who work out of NextEra's headquarters in Juno Beach; that Gexa Holdings, the

limited partner of Gexa Texas, shares office space with NextEra at its headquarters in Juno Beach, Florida; that NextEra compensates some of Gexa Texas' corporate officers; that since 2005, when NextEra acquired 100% of its stock, NextEra has controlled all of the voting rights of Gexa Texas; that Gexa Texas' in house counsel worked out of NextEra headquarters in Juno Beach from at least 2006 through 2009; and that Gexa Texas relies upon a corporate guarantee issued by NextEra to maintain compliance with the minimum financial requirements promulgated by the Texas Public Utility Commission.

These allegations establish the mere existence of a "garden-variety parent-subsidiary" relationship which is insufficient to sustain exercise of personal jurisdiction over the foreign sister corporation. *See e.g. Central States, Southeast and Southwest Areas Pension Fund v Reimer Express World Corp.,* 230 F.3d 934 (7th Cir. 2000)(corporate parent may provide administrative services for its subsidiary in the ordinary course of business without calling into question the separateness of the two entities for purposes of personal jurisdiction), *cert. den.*, 532 U.S. 943 (2001). Notably, there are no allegations demonstrating that NextEra, the Florida parent, caused, knew of or ratified the allegedly fraudulent and misleading billing activities of Gexa Texas in Texas. Nor are there any allegations from which it may be inferred that NextEra dominated Gexa Texas' administration of its electricity service contracts with its Texas customers, or that NextEra employees themselves contributed to any of the alleged improprieties charged in the complaint.

While plaintiffs assert that Gexa Texas is "substantially if not totally" controlled by NextEra, this statement is a simple, unsubstantiated conclusory allegation which the court is not required to credit in ruling on the sufficiency of the plaintiffs' jurisdictional allegations. *See e.g. Panda Brandywine Corp. v Potomac Electric Power Co.*, 253 F.3d 865 (5th Cir. 2001); *Lyle Richards*

*International, Ltd. v Ashworth, Inc.*, 132 F.3d 111 (1st Cir. 1997); *IMark Marketing Services, LLC v Geoplast S. p. A.,* — F. Supp.2d —, 2010 WL 4925293 (D. D. C. Dec. 6, 2010).

Accordingly, plaintiffs fail to establish a *prima facie* case for personal jurisdiction over Gexa Texas, requiring the dismissal of this defendant from the suit pursuant to Fed. R. Civ. P. 12(b)(3). *See e.g. Phonometrics, Inc. v Northern Telecom, Inc.,* 133 F.3d 1459 (Fed. Cir. (Fla.)1998)(district court lacked personal jurisdiction over parent company of alleged infringer, where company had no presence or activity in Florida and did not control alleged infringer's corporate activities*); Freudensprung v Offshore Technical Services*, 379 F.3d 327 (5th Cir. 2004); *Ross v Colorado Outward Bound School, Inc*., 603 F. Supp. 306, 310 (W.D.N.Y. 1985)(mere existence of "garden variety" parent- subsidiary relationship is not sufficient to establish personal jurisdiction).

## II.  Improper Venue

Having dismissed Gexa Texas, the court now examines whether venue is appropriate against the remaining defendants under the general federal venue statute. Plaintiffs allege in their complaint that subject matter jurisdiction of this case is based on the federal class action statute, 28 U.S.C. §1332(d).

Because jurisdiction in this civil action is not based on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, the focus appropriately centers on section (b)(2), which provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." [3]

In assessing whether a "substantial part of the events or omissions giving rise to the claim occurred" in a particular district, courts should consider "only those acts and omissions that have a close nexus to the wrong." *Jenkins Brick Co. v Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003)(interpreting identical language from §1391(a)(2), applicable in diversity cases). In this arena,

---

[3] Section 1391(b)(1), alternatively allowing for proper venue in "a judicial district where any defendant resides, if all defendants reside in the same state," is not applicable because at least one of the remaining defendants (Gexa GP) is a defendant that "resides" outside the State of Florida as defined by 28 U.S.C. § 1391(c) ( "for purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced).

According to the complaint, Gexa GP is a Delaware limited liability company which maintains a registered agent in Dallas Texas. Plaintiffs also allege that each of Gexa GP's nine officers work out of NextEra's headquarters in Juno Beach, Florida, but plaintiffs do not link any Florida activity engaged in by these officers with the causes of action pled in their complaint. The mere presence of these officers in Florida is insufficient to subject this Delaware limited liability company to specific personal jurisdiction under the Florida long arm statute, *see Consolidated Development Corp v Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000)(casual presence of corporate agent in forum is not enough to subject corporation to suit where cause of action is unrelated to agent's activities); *Far West Capital, Inc. v Towne*, 46 F.3d 1071 (10th Cir. 1995); *Bankhead Enterprises, Inc v Norfolk and W. Ry. Co.*, 642 F.2d 802 (5th Cir. 1981)(Ga.)(more than mere physical presence of corporate agent is required before finding corporation present within state), and Gexa GP therefore does not "reside" within the State of Florida within the meaning of the federal venue statute.

Further, because all of the events giving rise to plaintiffs' claims occurred in Texas, venue is proper in Texas as discussed *infra,* § 1391(b)(3), allowing venue in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought," is also inapplicable. Section 1391(b)(3) only applies where there is no district in which venue is proper under one of the venue statute's first two provisions. *Ciralsky v C.I.A.,* 689 F. Supp. 2d 141 (D. D. C. 2010); *Jackson v American Brokers Conduit*, 2010 WL 2034508 (S. D. N. Y. 2010).

9

only the events that directly give rise to a claim are relevant, and, of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered. *Id.* at 1371. In a breach of contract action, therefore, the most important factor for venue analysis is logically the locus of the breach. *Forbes v Lenox Financial Mortgage, LLC,* 2008 WL 2959727 (S.D. Fla. 2008).

In this case, plaintiffs do not allege *any* act or omission related to the purported billing improprieties or improper debt collection practices which occurred in the Southern District of Florida, nor do they identify any other alleged act "directly giving rise" to their claims which occurred in this District. Instead, the events or omissions giving rise to plaintiffs' claims occurred exclusively in Texas. The service contracts at issue governed delivery of electricity to Texas residents and were performed exclusively in Texas. Gexa Texas billed its customers in Texas, and the customers sent payment to Gexa Texas in Texas. Moreover, the alleged breach of contract happened in Texas where Gexa Texas allegedly misrepresented the operation of its variable rate plan, failed to observe reasonable commercial standards of fair dealing in its billing procedures, and failed to honor pricing promises and policies allegedly contained in the contracts.

The location hosting a "substantial" part of the events underlying this action is plainly Texas, where the alleged billing improprieties occurred. Thus, as determined by §1391(b)(2), venue is proper in Texas – not Florida. *See e.g. Hamel-Schwulst v Negrotto*, 2010 WL 548318 (N. D. Fla. 2010); *United Liberty Life Ins. Co. v Pinnacle West Capital Corp,* 149 F. R. D. 558 (S. D. Ohio 1993)(Ohio was not proper venue for Ohio buyer's securities fraud action based on allegedly misleading annual financial statements which originated in Arizona).

### III. Transfer

Having dismissed Gexa Texas for lack of personal jurisdiction, and having found venue improper in this district as to the remaining defendants, the court must next determine whether to dismiss the case or transfer it to a United States District Court in Texas. [4]

In this case, plaintiffs generally oppose the defendants' motion to dismiss their complaint, and do not alternatively seek transfer of their action to another forum. To the contrary, plaintiffs specifically protest against the defendants' alternatively requested transfer of any remaining claims to the Northern District of Texas, contending that this action could not initially have been brought in that forum for two reasons: First, plaintiffs contend it is doubtful that a Texas court could exercise personal jurisdiction over the NextEra defendants named in this action. Second, plaintiffs contend that the Northern District of Texas would not have subject matter jurisdiction over this putative class action under §1332(d) because this statute directs the declination of jurisdiction over a class action in which at least two thirds of the proposed class members are citizens of the state in which the action is filed where certain other conditions are met. [Plaintiffs concede that the proposed class members are residential electricity consumers who are "overwhelmingly citizens of Texas"]

The defendants question the accuracy of this assessment, stating that §§1332(d)(3) and (4) – outlining the circumstances when a district court may or shall "decline" to exercise jurisdiction – are not applicable because they apply only when one or more defendants are citizens of the state where the action is originally filed, while in this case, there are no allegations establishing that Gexa Texas or Gexa GP are Texas citizens for diversity of citizenship purposes.

---

[4] The federal venue statute provides that "[t]he district court of a district in which is filed a case laying venue in the wrong district ... shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." 28 U. S.C. §1406(a).

11

The court need not definitively resolve this issue here. In light of the plaintiffs' resistance to the proposed transfer, and the uncertainty as to whether a United States District Court in Texas would have subject jurisdiction over this putative class action in its current format, or personal jurisdiction over the three NextEra defendants named in this action, the court shall exercise its discretion under 28 U.S.C. § 1406(a) and decline to transfer this case to the United States District Court for the Northern District of Texas. *See e.g. Roman Nose v New Mexico Dept of Human Resources*, 991 F.2d 806 (10th Cir. 1993)(unpub); *Carter v M/V American Merlin*, 991 F. Supp. 853 (S.D. Tex. 853).

It is accordingly **ORDERED AND ADJUDGED**:

1. The defendants' motion to dismiss defendant Gexa Texas for lack of personal jurisdiction is **GRANTED** and the claims against Gexa Texas are dismissed without prejudice to the refiling of suit against this defendant in an appropriate forum.

2. The defendants' motion to dismiss the claims against the remaining defendants for lack of proper venue is **GRANTED,** and the claims against the remaining defendants are dismissed without prejudice to the refiling of suit against these defendants in an appropriate forum.

3. The defendant's alternative motion to transfer to the Northern District of Texas is **DENIED as MOOT**.

4. In its *sua sponte* assessment of the issue, the court declines to exercise its discretion to transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U. S. C. § 1406(a).

5. In light of the foregoing rulings of the court, it is unnecessary to reach the defendants' alternative challenge to the contract claims based on the asserted primary jurisdiction of the Texas

Public Utility Commission, or defendants' alternative challenge to the sufficiency of the alter ego liability allegations against the Nextera defendants, upon which the court expresses no opinion.

6. As there is nothing further for the court to do in this action, the Clerk is directed to **CLOSE** this file and terminate any pending motions as **MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 19th day of January, 2011.

_____
Daniel T. K. Hurley
Untied States District Judge

cc. All counsel